UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOZAFAR MAGHSOUDNIA, et al., | Case No. 25-cv-06526-NW |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| CITIBANK, N.A. (NATIONAL ASSOCIATION), | Re: ECF No. 15 |
| Defendant. | |

On August 1, 2025, Plaintiffs Mozafar Maghsoudnia and Mags Global Capital LLC ("Mags Capital") sued Defendant Citibank, N.A. ("Citibank") and twenty unnamed Defendants for violation of California Commercial Code § 11207(b) and for declaratory relief. Compl., ECF No. 1. Plaintiffs allege that Citibank failed to properly handle wire transfers by permitting Plaintiffs to transfer over $46,000,000 to fraudulent accounts.

Citibank now moves to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Mot. to Dismiss, ECF No. 15. Plaintiffs opposed, and Citibank filed a reply. ECF Nos. 24, 25. The Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction.[1]

## I.   BACKGROUND[2]

Maghsoudnia is the manager of Mags Capital, a California limited liability company with its principal place of business in Santa Clara County, California. Citibank is a national bank and

---

[1] Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b).

[2] Unless otherwise indicated, the factual background is drawn from Plaintiffs' complaint. *See* ECF No. 1.

has its main office in Sioux Falls, South Dakota.

"In December 2024, Mr. Maghsoudnia's family trust entered into an agreement to purchase real property in Newport Coast, California for $46,345,284.50," and selected an escrow company called Granite Escrow to assist with the transaction.  Compl. ¶ 30.  On December 10, 2024, an unknown individual began communicating with Maghsoudnia using an email address that was similar to the one used by Granite Escrow representatives: instead of "graniteescrow.com," they used the domain "@granite**s**escrow**s**.com."  Soon after, the "fraudster" instructed Maghsoudnia to make three wire transfers, amounting to the purchase price of the property, to a Citibank account held by "Transpo Express."  Maghsoudnia made one wire transfer from an account held by Mags Capital and two from his personal account.  When Maghsoudnia filled out the wire transfer forms, he listed "'Granite Escrow Settlement Services' as the intended beneficiary and provided the street address for Granite Escrow in Newport Beach, California," however, the account number he had been provided "actually corresponded to Transpo Express."  *Id*. ¶ 37.

Plaintiffs allege that Citibank should have caught the "obvious mismatch" between the Granite Escrow name and the incorrect account number.  *Id*.  Plaintiffs contend that Citibank's fraud detection systems "detected the mismatches between the intended beneficiary (Granite Escrow) and the name of the accountholder (Transpo Express) on the payment orders for the wires . . . and elevated these transactions for human review, including human review of the mismatch," but "nonetheless failed to halt these orders in a timely fashion."  *Id*. ¶ 49.  Plaintiffs argue that Citibank caused their monetary loss by permitting these wire transfers.

## II.    DISCUSSION

Citibank primarily moves to dismiss Plaintiffs' complaint for lack of personal jurisdiction.[3] Citibank argues that (a) Plaintiffs have failed to establish general personal jurisdiction over Citibank, and (b) Plaintiffs have not contested that the Court lacks specific personal jurisdiction over Citibank.

---

[3] Along with their reply in support of their motion to dismiss, Citibank asks the Court to take judicial notice of three state court cases and their contents.  Request for Judicial Notice, ECF No. 26.  The Court declines to rule on Citibank's request, as the Court did not rely on the documents in resolving the present motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

There are two recognized bases for a district court to exercise personal jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum give rise to the claim in question. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The plaintiff bears the burden of establishing personal jurisdiction under either base. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Where a district court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Courts must take as true any uncontroverted allegations in the complaint, and resolve any factual dispute contained in affidavits and declarations in the plaintiff's favor. *Id*.

Here, the record does not support a finding of general jurisdiction. Plaintiff does not dispute that Citibank is a national banking institution which has its main office in South Dakota. *See* Compl. ¶ 7. Citibank designates its main office in Sioux Falls, South Dakota in its articles of incorporation. *Id*. "[A] national bank is 'located' only in the state designated as its main office." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014). Therefore, Citibank is at "home" for general jurisdiction purposes in South Dakota and not in California.

Plaintiffs argue that Citibank is "essentially at home" in California because Citibank has a substantial number of, and high percentage of, its retail branches in California. Opp'n at 5. However, the Supreme Court has rejected such an argument, holding that "general jurisdiction does not lie merely because a defendant 'engages in a substantial, continuous, and systematic course of business' in the forum." *Haring v. Wells Fargo Bank N.A.*, No. C 18-3310 SBA, 2018 WL 10471109, at *4 (N.D. Cal. Oct. 17, 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014)); *see also Zidell v. E. W. Bank*, No. 3:24-CV-2340-D, 2025 WL 919385, at *3 (N.D. Tex. Mar. 26, 2025) (because Citi is headquartered in South Dakota, and its main office is in New York, "Citibank is 'at home' and subject to general personal jurisdiction in New York and South Dakota").

3

Turning to specific jurisdiction, Plaintiffs do not allege sufficient facts to support a finding of specific personal jurisdiction in the complaint.  Nor do Plaintiffs oppose Citibank's contention in the motion to dismiss that specific jurisdiction is lacking.  Instead, Plaintiffs simply ask the Court for jurisdictional discovery to establish specific jurisdiction.  Opp'n at 8.  Plaintiffs state in their opposition that they "agree that in order for California to have specific jurisdiction over Citibank, the Court must find that" Citibank purposefully directed its activities or availed itself of California.  *Id*.  The most Plaintiffs provide is their theory that "[a]lthough not specifically alleged in the initial Complaint, Plaintiffs believe that Citibank performs the fraud monitoring activities that form the basis for its Section 207 Claim from a location in California."  *Id*.  This is not a sufficient basis to permit jurisdictional discovery.  Plaintiffs have alleged no facts in their complaint to support that Plaintiffs' claims "arise[] out of or relates to [Citibank's] forum-related activities" other than that Plaintiffs happen to be located in California.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (a plaintiff must show that they would not have been injured "but for" the defendant's forum-related contacts).  Plaintiffs have not alleged, for example, that they went to a Citibank branch in California, spoke to a Citibank representative in California, that Citibank has wire transfer support in California, or any other fact that connects Citibank's forum activities to Plaintiffs' claims.  Plaintiffs have not met their burden to establish specific or general personal jurisdiction.

The Court exercises its discretion and denies Plaintiffs' request for jurisdictional discovery to establish specific personal jurisdiction.  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977) (jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.") (citation omitted).  Plaintiffs have not alleged any facts to support specific personal jurisdiction, accordingly, jurisdictional discovery is unlikely to aid in addressing disputes of fact or bolstering the already alleged facts.

## III.   CONCLUSION

The Court finds that Plaintiffs have failed to carry their burden of establishing personal

4

jurisdiction and that jurisdictional discovery is not warranted.[4]  Accordingly, the Court GRANTS Citibank's motion to dismiss.  The Clerk of the Court shall close the case and terminate all pending deadlines.

**IT IS SO ORDERED.**

Dated: January 22, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

_____

[4] In light of the Court's determination that personal jurisdiction is lacking, the Court need not address Citibank's argument that the pleadings fail to state a claim under Rule 12(b)(6).